1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8                EASTERN DISTRICT OF CALIFORNIA

9

10

ISAAC MARTINEZ,                 ) 1:11-cv—00215-OWW-SKO-HC
11                              )
                  Petitioner,   ) ORDER TRANSFERRING CASE TO THE
12                              ) UNITED STATES DISTRICT COURT FOR
                                ) THE CENTRAL DISTRICT OF
13      v.                      ) CALIFORNIA (DOC. 9)
                                )
14 JAMES D. HARTLEY,            )
                                )
15                Respondent.   )
                                )
16 _____     )

17

18      Petitioner is a state prisoner proceeding pro se and in

19 forma pauperis with a petition for writ of habeas corpus pursuant

20 to 28 U.S.C. § 2254.  The matter has been referred to the

21 Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

22 Rules 302 and 304.  Pending before the Court is the first amended

23 petition (FAP, doc. 9), which was filed on April 25, 2011.

24      In the initial petition, Petitioner, an inmate of Avenal

25 State Prison, challenged the denial of his parole.  However, the

26 claim or claims that presently remain in Petitioner's first

27 amended petition (FAP), filed on April 25, 2011, concern

28 Petitioner's conviction, which was suffered in the Los Angeles

                              1

1   Superior Court.

2       Title 28 U.S.C. § 2241(d) provides as follows which respect

3   to  venue, jurisdiction and transfer in a habeas proceeding

4   pursuant to 28 U.S.C. § 2254:

5           Where an application for a writ of habeas corpus
            is made by a person in custody under the judgment
6           and sentence of a State court of a State which
            contains two or more Federal judicial districts,
7           the application may be filed in the district court
            for the district wherein such person is in custody
8           or in the district court for the district
            within which the State court was held which
9           convicted and sentenced him and each of such
            district courts shall have concurrent jurisdiction
10          to entertain the application. The district court
            for the district wherein such application is filed
11          in the exercise of its discretion and in furtherance
            of justice may transfer the application to the
12          other district court for hearing and determination.

13  Although venue is generally proper in either the district of  the

14  prisoner's confinement or the convicting court's location,

15  petitions challenging a conviction preferably are heard in the

16  district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266

17  (N.D.Cal. 1968); petitions challenging execution of sentence are

18  preferably heard in the district where the inmate is confined,

19  Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  A court

20  should further consider traditional considerations of venue, such

21  as the convenience of parties and witnesses and the interests of

22  justice. Braden v. 30th Judicial Circuit Court of Kentucky, 410

23  U.S. 484, 495 (1973).

24      Title 28 U.S.C. § 1406(a) provides that a district court of

25  a district in which is filed a case laying venue in the wrong

26  division or district shall dismiss, or if it be in the interest

27  of justice, transfer such case to any district or division in

28  which it could have been brought.

1    In view of the nature of the claim or claims remaining in

2  the FAP, it is concluded that the interests of justice require

3  that the petition be transferred to the district of conviction.

4    Accordingly, it is ORDERED that the petition be transferred

5  to the United States District Court for the Central District of

6  California.

7

8  IT IS SO ORDERED.

9  **Dated:    September 25, 2011**                        **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE

3